UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, AT SEATTLE

STEPHANIE WALLIS,  )
                                         )  No.
      Plaintiff      )
                                         )  COMPLAINT FOR BENEFITS
v.                                     )  UNDER ERISA §502(a)(1)(B)
                                         )
ITRON, INC., LONG-TERM  )
DISABILITY PLAN           )
     Defendant    )

## I. PARTIES, JURISDICTION, AND VENUE

**II.**

1.1  Plaintiff Stephanie Wallis is a resident of Spokane County, Washington.

1.2  Defendant Itron, Inc., Long-Term Disability Plan ("the Plan") is an ERISA welfare pension plan as that term is defined in 29 U.S.C. § 1002(1). This action arises out of the defendant's activities in Spokane County, Washington.

1.3  Jurisdiction of this Court arises pursuant to ERISA §502(e)(1) 29 U.S.C. §1132(e)(1).

1.4   Under ERISA §502(e)(2), 29 USC §1132(e)(2), venue is proper in this district because the breach took place in Spokane County, Washington.

## II.  NATURE OF THE CASE

2.1   This is a claim for benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)

## III.  FACTS

3.1   Plaintiff Stephanie Wallis ("Ms. Wallis") is a participant in the Itron, Inc. Long-Term Disability Plan ("the Plan"), which is insured by CIGNA Group Insurance, which functions as claims administrator.

3.2   Ms. Wallis is 58 years old.

3.3   In October 2004, Ms. Wallis became disabled from her position as a Market Research Analyst, as a result of the effects of lupus, pericarditis, hypertension, osteopenia, and lumbar back and leg pain due to degenerative arthritis.

3.4   The Defendant began paying long term disability benefits to Ms. Wallis pursuant to the terms of the Plan after Ms. Wallis had been disabled for 90 days, and continued to pay long term disability benefits until March 21, 2007.

3.5   In the months immediately before benefits were terminated on March 22, 2007, medical records confirmed that Ms. Wallis suffered from severe degenerative disc disease of her lumbar spine, severe obstructive sleep apnea and hypopnea syndrome, diffuse cerebral vascular disease, deep white matter ischemia, double vision, dizziness, and weakness and numbness in her upper extremities.

3.6   Under the terms of the Plan, effective January 4, 2007, Ms. Wallis was disabled if, as a result of her illnesses, she was "unable to earn at least 80% or more of her Indexed Earnings."

3.7   As of January 4, 2007, Ms. Wallis' Indexed Earnings were in excess of $100,000 per year.

3.8   By letter of March 22, 2007, CIGNA insurance advised Ms. Wallis that her disability benefits were terminated, effective March 21, 2007.

3.9   The decision to terminate Ms. Wallis' benefits was justified by reference to a single note by an ARNP employed in the office of Ms. Wallis' rheumatologist, who mistakenly indicated Ms. Wallis was able to perform sedentary work, which opinion had been repudiated by Ms. Wallis' treating physicians.

3.10  CIGNA did not conduct a medical examination before it terminated benefits.  The termination was based on a file review by a physician employed by CIGNA.

3.11  Ms. Wallis submitted a timely appeal from the March 22, 2007 decision, and submitted medical opinions from treating physicians, and medical records confirming that she remained disabled under the terms of the Plan.

3.12  On November 7, 2007, CIGNA denied Ms. Wallis's appeal, based on a perfunctory file review by another physician employed by the insurer.

3.13  On information and belief, in connection with the termination of Ms. Wallis' long term disability benefits, and its denial of her appeal, CIGNA conducted no analysis to determine whether Ms. Wallis was able to earn at least 80% of her Indexed Earnings, as required by the Plan.

### IV.  CLAIMS FOR RELIEF

**FIRST CLAIM: TO ENFORCE RIGHT TO BENEFITS UNDER PLAN TERMS**

4.1    Because materials submitted to CIGNA establish that Ms. Wallis was disabled on March 21, 2007, when benefits were terminated, and has remained disabled continuously since that time, she is entitled to disability benefits under the terms of the Plan for the period from March 22, 2007 through the date of judgment.

4.2    The Plan Administrator of the Plan is Itron, Inc.

4.3    On information and belief, the Plan does not grant Itron, Inc. discretion in its interpretation and application of the Plan.

4.4    On information and belief, even if the Plan does grant discretion to Itron, Inc. in its interpretation and administration of the Plan, Itron, Inc. has not delegated such discretion to CIGNA, which made the decision to terminate Ms. Wallis' long term disability benefits, and to deny her internal appeal.

4.5    Because there has been no grant or delegation of discretion to CIGNA, Ms. Wallis' claim is subject to de novo determination by this Court.

4.6    Even if the Plan granted discretion to Itron, Inc., and Itron, Inc. had delegated such discretion to CIGNA, CIGNA operates under an "inherent conflict of interest" because it both performs claim administration and funds the Plan.

4.7    Under the approach outlined in *Metro. Life Ins. Co. v. Glenn*, ___ U.S. ___, ___, 128 S.Ct. 2343, 2350–51, 171 L. Ed. 2d 2999 (2008), *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (en banc), and *Saffon v. Wells Fargo & Co.*

***Long Term Disability Plan***, 522 F.3d 863 (9th Cir. 2008), the Court must weigh "all the facts and circumstances," and "decide in each case how much or how little to credit the plan administrator's reason for denying insurance coverage."

4.8    The many ways in which CIGNA has failed to comply with Ms. Wallis' right to a full and fair review of claims include:

(a) terminating benefits with no evidence Ms. Wallis' condition had improved, without regard to extensive evidence that she remained disabled by several active disease processes;

(b) willfully disregarding the input of Ms. Wallis' treating medical providers, who specifically refuted the conclusions of CIGNA's medical reviewers, who had not examined Ms. Wallis;

(c) on information and belief, terminating Ms. Wallis' benefits based on the opinion of a medical reviewers who were employed by CIGNA, and earned their entire income by providing medical reviews for CIGNA,;

(d) continuing to rely on a single submission from an ARNP, rather than Ms. Wallis' treating physicians, even after the information from the ARNP had been repudiated by her physicians.

4.9    Ms. Wallis has exhausted the internal review process required under the Plan, which describes a single level of appeals.

4.10    Even if the decision by CIGNA were entitled to some degree of deference, the Court should view CIGNA's conclusions with a high degree of skepticism in light of the several respects in which CIGNA failed to conduct a full and fair review of her claim, as outlined in paragraph 4.8 above.

4.11  Even if CIGNA had been granted discretion in the interpretation and application of the plan, and special skepticism were applied to CIGNA's decision, it should be reversed because it was arbitrary and capricious, in light of the undisputed evidence that Ms. Wallis was disabled as of March 21, 2007, and the absence of competent evidence contradicting her disability.

**SECOND CLAIM: FOR ATTORNEYS' FEES AND COSTS PURSUANT TO ERISA §502(g)(1)**

4.9  Pursuant to ERISA §502(g)(1), Ms. Wallis is entitled to recover her reasonable attorneys' fees and costs of suit in this action.

## V. DEMAND FOR RELIEF

Therefore, Plaintiff Stephanie Wallis respectfully requests that the Court:

1.  Enter judgment in favor of Plaintiff Stephanie Wallis in an amount to be proven at trial, representing disability benefits to which she is entitled for the period from March 22, 2007 through the date of judgment.

2.  Award Plaintiff her attorneys' fees and costs in this action; and

3.  Award such further relief as is just and proper.

Dated this 17th day of March, 2010.

LAW OFFICES OF JAMES D. OSWALD

s/ James D. Oswald
James D. Oswald, WSBA #11720
401 Second Ave. South, Suite 700
Seattle, WA 98104
Tel:  206-264-8558
Fax:  206-629-7657
Jimo@jimoswaldlaw.com
Attorney for Stephanie Wallis